Affirmed and Majority and Dissenting Opinions filed August 12, 2003









Affirmed and Majority and Dissenting
Opinions filed August 12,
2003.

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00448-CV

_______________

 

LONNIE W. BUTLER, JR., Appellant

 

V.

 

CONTINENTAL AIRLINES, INC., Appellee

                                                                                                                                               


On Appeal from the 157th District Court

Harris County, Texas

Trial Court Cause No. 02-04660

                                                                                                                                               


 

D I S S E N T I N G   O P I N I O N

 

Lonnie
Butler had a single claim: that his employer took several macros he
developed.  For reasons perhaps known
only to his lawyers, he filed the claim in the form of a dozen different causes
of action.  All have been tossed outCfirst by the First Court of Appeals,[1]
and later by a federal court in Houston.[2]  

Both
courts held that half a dozen of Butler=s causes of action were preempted by
the federal Copyright Act.  But both also
held that half a dozen others were not,[3]
thus affirming Butler=s right to bring them as separate actions.








But where?  The First Court held
they could be brought only in federal court.[4]  On exactly the same issue, the federal court
held they could not.[5]  One of these courts must be wrong.  This is not merely a difference of opinionCthough acknowledging Butler can
assert non-copyright claims, every court where he has tried to do so has shut its doors.

Federal
courts have exclusive jurisdiction to try cases arising under the Copyright
Act.[6]  But Butler has never alleged a copyright
claim; instead, Continental has argued as a defense to his claims that
the Copyright Act precludes them.  The
First Court of Appeals held this was enough, pointing to an opinion by the
federal Second Circuit that a claim arises under the Copyright Act if Ait asserts a claim requiring
construction of the Act.@[7] 
The federal court in Houston disagreed, pointing to a subsequent Second
Circuit opinion clarifying that this test looks only to what the plaintiff=s complaint alleges, not what defense
might be proffered.[8]

The
issue before us is not which court was right, but whether Butler can be shut
out of a forum by the conflicting denials. 
I agree with the Court that a dismissal for lack of subject-matter
jurisdiction normally should preclude litigation of that jurisdictional
question again; if the rule were otherwise, the same claim could be filed
repeatedly and never decided finally.

But
the Restatement recognizes a limitation to the application of res judicata when inconsistent
final judgments are rendered:








When in two actions inconsistent final judgments are
rendered, it is the later, not the earlier, judgment that is accorded
conclusive effect in a third action under the rules of res
judicata.[9]

As
the Restatement explains, the policy considerations supporting res judicata are not strong when
the party claiming it has taken an inconsistent position in intervening
litigation.[10]  

That is exactly what Continental did here.  After urging the First Court to hold the
federal courts had exclusive jurisdiction of Butler=s claims, Continental urged exactly
the opposite when he filed them there. 
In accordance with the Restatement, I would hold that preclusive effect
should be given only to the later rulingCthe federal court=s decision that Butler=s claims belonged in state
court.  Because the Court holds
otherwise, I respectfully dissent.

 

 

/s/        Scott Brister

Chief Justice

 

Judgment
rendered and Majority and Dissenting Opinions filed August 12, 2003.

Panel
consists of Chief Justice Brister and Justices Edelman and Seymore.











[1]           See
Butler v. Cont=l Airlines, Inc., 31 S.W.3d 642 (Tex. App.CHouston [1st Dist.] 2000, pet. denied) (AButler I@).





[2]           See
Butler v. Cont=l Airlines, Inc., No. Civ.A. 01-2194, 2001 WL 1509545 (S.D. Tex. 2001) (AButler II@).





[3]           Namely,
breach of contract, breach of fiduciary duty, quantum meruit,
estoppel, quasi-estoppel,
and constructive trust.





[4]           Butler
I, 31 S.W.3d at 652.





[5]           Butler II, 2001 WL 1509545 at *5.





[6]           See
28 U.S.C. ' 1338(a).





[7]           Butler
I, 31 S.W.3d at 652 (citing T.B. Harms Co. v. Eliscu,
339 F.2d 823, 828 (2d Cir.1964)).





[8]           Butler
II, 2001 WL 1509545 at *5 (citing Bassett v. Mashantucket
Pequot Tribe, 204 F.3d 303, 353 (2d Cir.2000)).





[9]           Restatement (Second) of
Judgments ' 15
(1982).





[10]          Id. cmt. b.